Filed 9/29/15  P. v. Koulavongsa CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066804 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE335576) |
| SENGNGEUN KOULAVONGSA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Sengngeun Koulavongsa entered a guilty plea to one count of evading an officer with reckless driving (Veh. Code, § 2800.2, subd. (a); count 1), unlawfully taking and

driving a vehicle (Veh. Code, § 10851, subd. (a); count 2), receiving a stolen vehicle (Pen. Code,[1] § 496d; count 3), receiving stolen property (§ 496, subd. (a); count 4), and forgery (§ 475, subd. (b); count 5). He also admitted two strike priors (§ 667, subds. (b)-(i)) and four prison priors (§ 667.5, subd. (b)).

The court sentenced appellant to a total term of seven years four months in prison.

Appellant asks this court, for the first time on appeal, to reduce his forgery conviction (count 5) to a misdemeanor pursuant to Proposition 47 (§ 1170.18). We find the remedy for appellant is to bring a motion to recall his sentence in the trial court pursuant to section 1170.18. Appellant does not challenge his guilty pleas or the court's sentencing decision. Rather his only claim is we should reduce his sentence on one count. Appellant's remedy is provided by statute and that is a petition to recall his sentence on the forgery count. That petition must be filed in the superior court.[2]

## DISCUSSION

Appellant asks this court to reduce his forgery conviction to a misdemeanor under Proposition 47. Appellant was convicted and sentenced before the passage of the proposition. His notice of appeal was filed October 9, 2014, prior to the effective date of Proposition 47.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     The issue presented on appeal is a question of law, unaffected by the facts underlying the guilty plea. Thus we will omit the traditional statement of facts.

2

Ordinarily, once a notice of appeal is filed, jurisdiction over the matter is vested in the appellate court and the trial court thus lacks jurisdiction to deal with the case. (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1499; *People v. Perez* (1979) 23 Cal.3d 545, 554.) Appellant seeks the assistance of this court to address his claim that his forgery conviction should be reduced to a misdemeanor.

Section 1170.18 provides a mechanism for those who were convicted and sentenced before the enactment of the proposition on November 4, 2014. That remedy is to petition the superior court to reduce the conviction to a misdemeanor if qualified for such treatment under the act. (*People v. Awad* (2015) 238 Cal.App.4th 215, 220 (*Awad*); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)

Division Three of this court faced a problem in *Awad* similar to that presented here. There the defendant was sentenced and appealed before Proposition 47 (§ 1170.18) became effective. *Awad* appealed challenging various counts and also claimed one of the counts should be reduced to a misdemeanor. The court referred to the defendant's position as a "Hobson's choice." He could either pursue his appeal and after the remittitur is returned, then address the Proposition 47 issue, or abandon his appeal. (*Awad, supra,* 238 Cal.App.4th at p. 218.) In such instance, the court reasoned that the passage of time during appeal would have diminished the benefit of the reduction to the defendant. (*Awad,* at p. 221.) In that case the court determined to issue a limited remand under section 1260 to allow the superior court to address the misdemeanor issue, while the appeal is stayed pending the resentencing. (*Awad*, at p. 225.)

3

The People suggest that a limited remand is one possibility we should consider. We decline to follow that procedure because of the procedural posture of this appeal.

Appellant pleaded guilty to five offenses. He has not appealed from any of the convictions or sentences except for the sentence imposed for count 5, forgery. As to that count, appellant only contends the sentence should now be reduced to a misdemeanor. The sentence imposed for count 5 was a concurrent midterm sentence.

In this case, there is nothing for us to address regarding counts 1 through 4, nor is there any challenge to count 5 save for the newly raised claim it should be a misdemeanor.

As the court made clear in *Awad*, the statutory remedy for a claim that a sentence should be recalled and reduced to a misdemeanor is a petition filed in the superior court. (*Awad, supra*, 238 Cal.App.4th at p. 220; § 1170.18.)

Since we cannot provide the remedy appellant seeks, and he has an effective remedy in the trial court, we will affirm the judgment and permit appellant to seek appropriate relief there.

Appellant will not be prejudiced by any delay in the remittitur process because he is serving a significant prison term on other, unchallenged counts and the sentence for count 5 is concurrent to those terms.

DISPOSITION

The judgment is affirmed without prejudice to any remedies appellant may have under section 1170.18.

_____
HUFFMAN, J.

WE CONCUR:


_____
McCONNELL, P. J.


_____
PRAGER, J.*

_____

*    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.