Filed 1/14/16  P. v. Fowler CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B263743 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA075626) |
| v. | |
| CHICO M. FOWLER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Monica Bachner, Judge.  Affirmed.

Kenneth J. Sargoy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to a plea agreement, Chico M. Fowler pleaded no contest to one count of attempted first degree residential burglary in August 2013. As a result of that agreement, an allegation that someone was present at the time of the attempted burglary was stricken. Fowler admitted two prior convictions for purposes of the Three Strikes law, but at the prosecutor's request, one of those strike allegations was dismissed. Fowler also admitted that his two prior convictions were serious felonies. Fowler was sentenced to 15 years in state prison as follows: (1) two years for the attempted burglary, doubled to four years under Three Strikes; (2) 10 years for each of the five-year serious felony enhancements (Pen. Code, § 667, subd. (a)); and (3) one year for having a prior felony conviction (Pen. Code, § 667.5, subd. (b)).

The abstract of judgment stated that Fowler had been convicted of second degree burglary. In September 2014, the Department of Corrections sent a letter to the trial court pointing out this discrepancy, noting that the correct prison term for second degree burglary, when doubled under Three Strikes, was two years, not the four imposed by the trial court. The letter also noted that second degree burglary was not a serious felony and was therefore ineligible for the five-year serious felony enhancements. The Department ended by asking the court to review its file and determine whether Fowler's sentence was correct.

Effective November 5, 2014, Proposition 47 reduced certain crimes to misdemeanors and created a mechanism whereby prisoners serving a felony sentence could petition the trial court to reconsider and recall those sentences and then impose a misdemeanor sentence instead. (Pen. Code, § 1170.18; *People v. Awad* (2015) 238 Cal.App.4th 215, 220.) In March 2015, Fowler, representing himself, filed a petition asking the trial court to recall his sentence, arguing that the serious felony enhancements were improper because he had been convicted of only second degree burglary, which is not a serious felony. (Pen. Code, § 1192.7, subd. (c)(1).) He also contended that one of the serious felony enhancements was improper because the trial court struck the conviction (apparently under Three Strikes), and that a certain restitution fine was improper.

2

The trial court asked the prosecutor and Fowler's previous defense counsel to attend a hearing to determine whether Fowler had in fact pleaded no contest to first degree residential burglary. At the March 20, 2015, hearing the trial court said it had reviewed the reporter's transcript from the entry of Fowler's plea. That transcript is in the record and, as the trial court noted, clearly states that Fowler was pleading no contest to one count of first degree attempted burglary, minus the person being present allegation. Both the prosecutor and defense counsel agreed with that assessment. The trial court ordered that the abstract of judgment be amended to reflect that Fowler was convicted of first degree residential burglary and then denied Fowler's Proposition 47 petition because the sentence recall procedure was inapplicable to convictions for attempted first degree residential burglary.

Fowler filed a notice of appeal. On October 16, 2015, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he had reviewed the record and had advised Fowler that such a brief would be filed and that he could file a supplemental brief if he chose to. That same day, this court sent Fowler a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider. Fowler did not file a supplemental brief.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.)

**DISPOSITION**

The judgment is affirmed.

RUBIN, ACTING P. J.

WE CONCUR:

FLIER, J.                                          GRIMES, J.

3