Filed 3/28/16  P. v. Waltz CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID WALTZ,<br><br>    Defendant and Appellant. | B263742<br><br>(Los Angeles County<br>Super. Ct. Nos. MA013511, MA035008) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Christopher G. Estes, Judge.  Affirmed.

Tyrone A. Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

In 1997, David Waltz pleaded no contest to one count of second degree burglary of a vehicle.  Waltz was sentenced to three years in state prison and was ordered to pay restitution of $600 (LASC case No. MA013511.)  Nine year later, in 2006, Waltz pleaded no contest to one count of grand theft of a tractor, stipulated to a restitution order of $1,800, and was sentenced to 36 months in state prison.  (LASC case No. MA035008.)  The information in the tractor theft case identified the victim as an individual, not a business.

Effective November 5, 2014, Proposition 47 reduced certain crimes to misdemeanors and created a mechanism whereby prisoners serving a felony sentence could petition the trial court to reconsider and recall those sentences and then impose a misdemeanor sentence instead.  (Pen. Code, § 1170.18; *People v. Awad* (2015) 238 Cal.App.4th 215, 220.)  Pursuant to Proposition 47, Waltz, who was represented by counsel, filed separate petitions in March 2015 asking the trial court to recall his sentences in the burglary and grand theft cases.  The prosecutor opposed the petition as to the burglary conviction because the offense was not eligible under Proposition 47, and opposed the petition as to the grand theft petition because the crime exceeded Proposition 47's $950 threshold for certain types of crimes, including petty theft.  (See Pen. Code, § 1170.18, subd. (a), citing Pen. Code §§ 476a, 490.2, 496, 666.)  The trial court denied the petitions, relying in part on the stipulated restitution amount of $1,800 in the grand theft case to determine that the conviction was ineligible under Proposition 47.

Waltz appealed from the denial of that order.  On November 18, 2015, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised.  The brief included a declaration from counsel that he had reviewed the record and had advised Waltz that such a brief would be filed and that he could file a supplemental brief if he chose to.  That same day, this court sent Waltz a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider.  He did not file a supplemental brief.

2

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.


                                          RUBIN, J.
WE CONCUR:


        BIGELOW, P. J.


        GRIMES, J.


3