Filed 6/29/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050579, G051078 |
| v. | (Super. Ct. No. 14NF0221) |
| CAMILLE YOUSSEF AWAD, | O P I N I O N |
| Defendant and Appellant. | |

Motion for limited remand of case No. G050579 to consider petition filed pursuant to Penal Code section 1170.18, Lance Jensen, Jonathan S. Fish, Judges. Motion granted. Appeal in case No. G051078 dismissed.

Barbara A. Smith for Defendant and Appellant.

Frank S. Davis, Alternate Public Defender and Heather Moorhead, Deputy Alternate Defender, as Amicus Curiae on behalf of Defendant and Appellant.

Frank Ospino, Public Defender and Jacob DeGrave, Deputy Public Defender, as Amicus Curiae upon the Request of the Court of Appeal.

Kamala D. Harris, Attorney General and Marvin E. Mizell Deputy Attorney General, Plaintiff and Respondent.

* * *

THE COURT:[*]

## I

### INTRODUCTION

Appellant has appealed his felony conviction for multiple counts of forgery and grand theft and is currently serving a sentence for his conviction. Following his sentencing, in November 2014, the California voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act." (See Note, Deering's Ann. Pen. Code, foll. § 1170.18 (2015 supp.) p. 79.)

Proposition 47 reclassifies as misdemeanors certain non-serious, nonviolent crimes that previously were felonies, and authorizes trial courts to consider resentencing anyone who is currently serving a sentence for any of the listed offenses.

Appellant tried to take advantage of Proposition 47's postconviction procedure by petitioning the trial court to reduce the felony sentence for one of his forgery counts to a misdemeanor. The trial court declined to do so, on the ground it lacked jurisdiction to recall the sentence while appellant's case was pending on appeal.

Thus, appellant and many other similarly situated defendants face a Hobson's choice. On the one hand, they can wait to seek Proposition 47 relief until they complete their appeals from the underlying judgment of conviction. But by then, it may be too late to gain any benefit from a sentencing reduction because they already will have served the time in question. On the other hand, they can give up any pending appeal in order to obtain speedy Proposition 47 relief from the trial court.

---

[*] Before Rylaarsdam, Acting P. J., Fybel, J., and Thompson, J.

2

There is a way out of this jurisdictional conundrum: a discretionary remand by the Court of Appeal to the trial court for the sole and express purpose of determining, within a specified time frame, a Proposition 47 petition to recall a sentence. We have authority to do so pursuant to Penal Code section 1260[1] to effectuate the resentencing provisions in Proposition 47 in a timely manner.

We grant appellant's motion for a limited remand, and stay the pending appeal for a short period of time to allow the trial court to conduct a Proposition 47 postconviction hearing.

## II

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

A jury found appellant guilty of four counts of grand theft and four counts of forgery, all as felonies. One of the felony counts (count 5) was forgery of a check for $168.98. Appellant had no prior criminal record.

Appellant's sentencing hearing was held on August 8, 2014. Citing the aggravating facts of the case, the trial court sentenced appellant to the maximum term available, which the court determined to be five years, eight months, calculated by sentencing defendant to the upper term of three years for one count of grand theft, plus a consecutive eight month term each, for two counts of grand theft and two counts of forgery. The remaining counts were stayed pursuant to section 654.

On August 19, 2014, ten days after the sentencing hearing, appellant filed a notice of appeal to this court (case No. G050579).

On November 4, 2014, the voters enacted Proposition 47, which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).)

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

3

On November 5, 2014, appellant filed a petition in the trial court to have count 5 reduced to a misdemeanor. Appellant argued that Proposition 47's resentencing provisions applied to count 5, because the forgery charge related to a check under $950. (§ 473, subd. (b).)

The trial court declined to hear the petition on the merits, citing the general rule that it had no jurisdiction to modify the sentence while the case was on appeal. Appellant thereupon filed a second notice of appeal (G051078) from the denial of his Proposition 47 petition to recall the sentence on count 5.

Appellant filed his appellant's opening brief in the first appeal (G050579) and asked us to expedite the appeal to facilitate speedier consideration of his thwarted Proposition 47 petition. As a possible alternative to an expedited appeal, we asked the parties to brief whether we have authority to order a limited remand during the pendency of the first appeal to allow the trial court to entertain defendant's Proposition 47 petition regarding count 5. The parties, as well as amici, submitted letter briefs, and defendant asked us to deem his letter brief to be a motion to order a limited remand to the trial court for Proposition 47 purposes.

We granted appellant's request, and allowed the parties to submit further briefs on his motion for a limited remand. We then consolidated the two appeals for all purposes. We publish this decision due to the volume of Proposition 47 petitions with which we have been presented in conjunction with pending appeals in this court, and the necessity to provide guidance to litigants and the trial courts.

III

DISCUSSION

Ordinarily, once a notice of appeal is filed, jurisdiction is vested in the appellate court until the appeal is decided on the merits and a remittitur is issued to the trial court. This doctrine is designed to protect the appellate court's jurisdiction by

4

preventing the trial courts from altering the appealed judgment until the appeal is decided.

However, as we discuss below, we have the authority to issue a limited remand to the trial court, before reaching the merits of the appeal, for the specific purpose of allowing the lower court to entertain a Proposition 47 petition to recall a sentence. Because we reach no decision on the merits of the existing appeal and do not issue an opinion and judgment on a cause, the remittitur process for transferring jurisdiction back to the trial court is unnecessary and inappropriate.

A. *A Limited Remand Will Effectuate Proposition 47's Goal to Expeditiously Determine Defendant's Proposition 47 Eligibility.*

Appellant's appeal from his felony convictions (G050579) was pending in our court when California voters enacted Proposition 47.

Proposition 47 created a new resentencing provision in section 1170.18 for persons "currently serving" a felony sentence for an offence that is now a misdemeanor. If a person satisfies the statutory criteria for reclassification, he or she may petition the trial court to be "'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'" (*Rivera*, *supra*, 233 Cal.App.4th at p. 1092.)

According to the initiative's uncodified findings and declarations, Proposition 47 is designed to benefit the criminal justice system, as well as criminal offenders who meet the resentencing criteria, by reducing "significant state corrections dollars" and redirecting the savings towards programs to reduce recidivism and improve public safety. (Note, Deering's Ann. Pen. Code, *supra*, foll. § 1170.18 (2015 supp.) at p. 79.)

Given the relatively short length of many misdemeanor sentences, Proposition 47 will have its intended effect for persons who, like appellant, are currently

serving felony sentences, only if trial courts can quickly consider a petition for recall of sentence and resentencing.

Appellant fears that he may lose any benefits afforded by Proposition 47 unless he can promptly file his petition to recall his felony sentence on count 5 before the trial court. According to his counsel, "He is absolutely eligible to have [count 5] reduced to a misdemeanor, and to have the tail end of his sentence reduced from one-third the midterm (eight months), and possibly eliminated altogether. Like pretty much all Proposition 47 offenders, he is getting half off his sentence for good conduct. Thus, as with many persons in his situation, he faces 'dead time,' if he cannot receive speedy Proposition 47 relief. It subverts the entire goal of Proposition 47 [by] foreclos[ing] effective relief for persons serving excessive sentences on non-violent offenses."

The public defender echoes these concerns about the need for expeditious relief for potential Proposition 47 misdemeanants who received, and who appealed, felony sentences before the proposition's effective date. "Relief under proposition 47 only serves these purposes [of saving money on incarceration and benefitting lower level nonviolent criminals] if it is provided quickly to people still incarcerated for eligible offenses." "[T]he crimes eligible under [Proposition 47] are all lower level felony crimes that carry sentences ranging from 16 months to 3 years, absent any enhancements or prior convictions. Considering that most people convicted of these sections will receive 50% custody credits while serving their time, it will not be unusual for eligible petitioners to serve only 8 actual months in custody. The appellate process can often take longer than the few remaining months that may be left to serve after the notice of appeal is filed."

Appellant tried to secure immediate relief under Proposition 47 by filing his petition for recall of sentence in the trial court the day after the initiative's enactment. However, the trial court declined to entertain his petition because appellant's appeal in case No. G050579 was pending in our court.

We ourselves cannot reduce any of appellant's convictions from a felony to a misdemeanor during the pendency of this appeal. Manifestly, that is a task that Proposition 47 (specifically, section 1170.18) vests with the trial court. If applicable, it should be accomplished as quickly as jurisdictionally possible.

The filing of a notice of appeal ordinarily transfers jurisdiction from the trial court to the appellate court, where jurisdiction remains until the issuance of a remittitur. (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1499.) "The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur." (*People v. Perez* (1979) 23 Cal.3d 545, 554.)

But jurisdiction is not necessarily unidirectional. Under appropriate circumstances, the same criminal proceeding may be simultaneously pending in the trial court and the Court of Appeal.[2]

Section 1260 authorizes appellate courts to direct a limited remand to the trial court as among the many available remedies in reviewing criminal appeals. The statute provides, in pertinent part: "The [appellate] court . . . may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances." "A limited remand is appropriate under section 1260 to allow the trial court to resolve one or more factual issues affecting the validity of the judgment but distinct from the issues submitted to the jury, *or for the exercise of any discretion that is*

---

[2] See, e.g., *People v. Cunningham* (2001) 25 Cal.4th 926, 1044 (correction of unauthorized sentence); *People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1757 (statutory authority to recall sentence within 120 days); *People v. Schultz* (1992) 5 Cal.App.4th 563, 570-571; and see *In re Anna S., supra,* 180 Cal.App.4th 1489, 1499 (dependency courts retain jurisdiction during pendency of appeal to make subsequent orders and findings.)

*vested by law in the trial court*." (*People v. Braxton* (2004) 34 Cal.4th 798, 818-819, italics added.)[3]

We construe Proposition 47 together with section 1260 to authorize a limited remand to the trial court to hear a postconviction motion to recall a sentence under section 1170.18. """"The . . . power arises from necessity where, in the absence of any previously established procedural rule, rights would be lost . . . ."""" (*In re Amber S.*, *supra*, 15 Cal.App.4th at p. 1264.)

There are numerous other instances in both the criminal and civil contexts in which appellate courts have engaged in limited remands to the trial court *during the pendency of an appeal* for carefully circumscribed purposes. (See e.g., Cal. Rules of Court, rule 8.155(c)(2) [reviewing court may order trial court to settle disputes about omissions or errors in the record]; Cal. Rules of Court, rule 8.244(d) [reviewing court may order trial court to hold a hearing regarding approval of minor's compromise of pending appeal]; Cal. Rules of Court, rule 8.252(c) [reviewing court may take evidence on appeal by specifying special master or referee].)

Our limited remand for the sole purpose of considering the Proposition 47 petition will not require the superior court to decide any issues that we otherwise must determine in conjunction with the final disposition of the appeal. At the end of the limited remand period, we will decide all appellate issues necessary to resolve the pending appeal.

---

[3] Section 1260 states, in full: "The court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances."

B.    *We May Direct a Limited Remand to the Trial Court Without Issuing a Dispositive Opinion on the Merits of the Appeal in Case No. G050579, and Without Triggering the Remittitur Process.*

In most criminal and civil appeals, we issue an appellate court judgment in the disposition section of the opinion. The rendition of the judgment on appeal is "the part of the opinion where we, in popular parlance, deliver the goods." (*Ducoing Management Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 312.)

Once we finally resolve a criminal appeal, and after the time has passed for the Supreme Court to grant review, we issue a remittitur to remit the appellate court judgment to the trial court, to divest the appellate court of further jurisdiction, and to transfer jurisdiction back to the trial court. (Cal. Rules of Court, rule 8.272.) "Remittitur transfers jurisdiction back to the inferior court so that it may act upon the case again, consistent with the judgment of the reviewing court. (*Gallenkamp v. Superior Court* (1990) 221 Cal.App.3d 1, 10.)

The criminal remittitur statute provides, in pertinent part: "After the certificate of the judgment has been remitted to the court below, the appellate court has no further jurisdiction of the appeal or of the proceedings thereon, and all orders necessary to carry the judgment into effect shall be made by the court to which the certificate is remitted." (§ 1265, subd. (a).)

The criminal remittitur statute (§ 1265, subd. (a)) does not apply to this nondispositive interlocutory order. The appeal from appellant's felony convictions has yet to be fully briefed. There is yet no appellate court *judgment*. There is no reason for us to divest ourselves of our ongoing jurisdiction over the appeal simply to give the trial court limited jurisdiction to entertain a Proposition 47 petition within a narrowly prescribed time frame.

What is important in all of this is to recognize and apply fundamental principles of trial and appellate court jurisdiction. "'The purpose of the rule depriving the trial court of jurisdiction in a case during a pending appeal is to protect the appellate

9

court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that may affect it.' [Citation.]" (*Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1089.)

Far from limiting or impeding our appellate jurisdiction, a limited remand, circumscribed as it is in time and scope, will enhance appellate review and our ability to manage and control this ongoing appeal.

C. *To Protect Our Appellate Jurisdiction, We Issue a Stay of the Appeal in Case No. G050579 and Limit the Scope and Timing of the Remand to the Trial court.*

Appellant estimates that his Proposition 47 petition to reduce his sentence on count 5 from a felony to a misdemeanor should be resolved relatively quickly in the trial court. "Two Superior Court departments are now dedicated to Proposition 47 matters. [Appellant's trial counsel] estimates the entire hearing would take less than 15 minutes, since appellant has no prior record; Count 5 was a forgery of a check under $170; and the District Attorney was not opposed to the original petition, for relief on that count."

In like fashion, the public defender opines that "hearings (including resentencing) on uncontested petitions for recall generally take less than 15 minutes. After a hearing, the relevant court records could easily be prepared and forwarded to the Court of Appeal. The hearing and resentencing should not cause any interruption in the appellate court."

Finally, as the alternate defender observes, a limited remand for Proposition 47 resentencing on count 5 "does not alter the merits of this appeal or render the appeal futile. . . . . The issues surrounding Proposition 47, including eligibility, the recall of the originally imposed sentence, and the subsequent resentencing, are all matters outside of the current appellate record. Remand back to the trial court allows these factual issues to

be resolved without disturbing any unresolved issues on appeal." "Since the petition and the response has already been filed in this case with the trial court, should the Court order a limited remand for a Proposition 47 hearing, the case can be handled in approximately 10-15 minutes."

Based upon these assertions regarding timing and limited scope, we grant appellant's motion for a limited remand for the express purpose of considering appellant's petition to recall the sentence regarding count 5. To promote judicial economy and the efficient administration of the law, we stay the proceedings in case No. G050579 during the very brief period of this remand.

D.     *In Light of the Remand Order, Appellant's Second Appeal Is Moot.*

As we have noted, appellant filed a second notice of appeal (case No. G051078) from the trial court's refusal to entertain his Proposition 47 petition during the pendency of his first appeal (case No. G050579). Appellant contends that Proposition 47 implicitly carved out an exception to the general rule that trial courts lose jurisdiction while a case is on appeal. The People argue to the contrary: "In sum, appellant must wait until the judgment is final on appeal and remitted to the trial court to file a petition for recall of sentence under Proposition 47."

Because of our ruling on the interlocutory motion for a limited remand, we need not resolve the dispute on the second appeal and dismiss the appeal in case No. G051078 as moot. (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 865-866 [city's postjudgment acquiescence renders appeal moot].)

IV

DISPOSITION

The appeal in case No. G050579 is stayed pending further order of this court. The appeal in case No. G051078 is dismissed as moot. This opinion will become

11

final as to this court within 30 days of the date of filing. (Cal. Rules of Court, rule 8.264(b)(1).)

The matter is remanded to the trial court to consider and rule on appellant's Proposition 47 petition filed on November 5, 2014. The hearing shall be conducted after this opinion becomes final as to this court and shall be completed no later than 45 days thereafter.

The parties shall provide this court with a status report within 90 days of the date of this opinion, and shall further promptly inform this court as to the outcome of the petition no later than five days of the trial court's ruling.