Filed 3/23/16  P. v. Ashurst CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042261 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS131139) |
| v. | |
| ROBERT JAMES ASHURST, | |
| Defendant and Appellant. | |

Defendant Robert James Ashurst appeals from an order denying his petition for recall of sentence and resentencing under Proposition 47.[1]  We affirm the order.

## I.  Statement of the Case

On January 16, 2014, defendant was convicted of possession of a controlled substance (Health & Saf. Code, § 11350 – count one), possession of a controlled substance while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a) – count two), felony vehicular evasion of a peace officer with willful disregard for the safety of others (Veh. Code, § 2800.2, subd. (a) – count three), and possession of a

---

[1]  We need not consider defendant's contention regarding an error in the minute orders, because the trial court corrected the minute orders in response to defendant's request.

firearm by a felon (Pen. Code, § 29800, subd. (a)(1)[2] – count four).  The jury also found that defendant was armed with a firearm in the commission of count three (§ 12022, subd. (a)(1)).

On April 10, 2014, the trial court sentenced defendant as a second strike offender and imposed a sentence of 10 years eight months in prison.  The trial court imposed:  (1) the upper term of four years for possession of a controlled substance while armed (count two) and doubled that term to eight years; and (2) one year and four months each for vehicular evasion (count three) and possession of a firearm by a felon (count four).  The trial court stayed the one-year enhancement attached to count three and the upper term of three years for possession of a controlled substance (count one) pursuant to section 654.

On May 26, 2014, defendant filed a notice of appeal in case No. H040995.  The opinion was filed on February 5, 2016.

Meanwhile, on January 20, 2015, defendant filed a petition to have his felony conviction for possession of a controlled substance be designated a misdemeanor pursuant to section 1170.18, subdivision (a).  The prosecutor argued that defendant was ineligible for relief, his case was on appeal, and the trial court stayed execution of the sentence for this count.  The trial court denied the petition on the ground that it lacked jurisdiction because defendant's case was pending appeal.  Defendant filed a timely notice of appeal.

## II.  Discussion

Voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, in November 2014.  The Legislative Analyst set forth the three effects of Proposition 47: "This measure reduces penalties for certain offenders convicted of nonserious and nonviolent property and drug crimes.  The measure also allows certain offenders who

---

[2]     All further statutory references are to the Penal Code unless otherwise specified.

have been previously convicted of such crimes to apply for reduced sentences. In addition, the measure requires any state savings that result from the measure be spent to support [certain services]." (Voter Information Guide, Gen. Elect. (Nov. 4, 2014) analysis by the Legislative Analyst, p. 35.)

Proposition 47 established procedures for applications for reduced sentences for specified nonserious and nonviolent property and drug crimes by adding section 1170.18. Subdivision (a) of section 1170.18 permits persons convicted of the specified nonserious, nonviolent property and drug felonies to file petitions "request[ing] resentencing . . . ." (§ 1170.18, subd. (a).) Subdivision (b) of section 1170.18 provides that a court that receives such a petition shall resentence the petitioner "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Defendant contends that section 1170.18 does not divest the trial court of jurisdiction to rule on his resentencing petition during his pending criminal appeal.

*People v. Scarbrough* (2015) 240 Cal.App.4th 916 (*Scarbrough*) is instructive. In *Scarbrough*, the trial court granted the defendant's petition to recall her sentence on two felony convictions which were being reviewed on appeal, designate the convictions as misdemeanors, and resentence her. (*Id.* at p. 920.) *Scarbrough* rejected many of the same arguments advanced by defendant in the present case and held that the trial court's order was void. (*Id.* at p. 922.) We agree with the analysis and holding in *Scarbrough*.

*Scarbrough* began its analysis by setting forth the applicable law regarding appellate jurisdiction. "Subject to limited exceptions, well-established law provides that the trial court is divested of jurisdiction once execution of a sentence has begun. [Citation.] . . . This rule protects the appellate court's jurisdiction by protecting the status quo so that an appeal is not rendered futile by alteration. [Citations.] As a result of this rule, the trial court lacks jurisdiction to make any order affecting a judgment, and any action taken by the trial court while the appeal is pending is null and void. [Citation.]"

3

(*Scarbrough*, *supra*, 240 Cal.App.4th at p. 923.)  However, as *Scarbrough* recognized, there are exceptions to this rule.  While an appeal is pending, the trial court may:  vacate a void judgment; correct an unauthorized sentence; correct clerical errors in the judgment; and correct errors in the calculation of presentence custody credits under section 1237.1.  (*Scarbrough*, at p. 923.)  In addition, section 1170, subdivision (d) allows the trial court to recall a sentence within 120 days of a prison commitment and resentence a defendant notwithstanding a pending appeal.  (*Scarbrough*, at p. 924.)

 *Scarbrough* then interpreted section 1170.18, subdivision (a), which states in relevant part that "[a] person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with [enumerated sections, including Health and Safety Code section 11350], as those sections have been amended or added by this act."  A petition under section 1170.18 "shall be filed within three years after the effective date of the act that added this section or at a later date upon a showing of good cause."  (§ 1170.18, subd. (j).)

 As did the defendant in *Scarbrough*, defendant argues that "[t]he ordinary meaning of this language is that section 1170.18 applies to any defendant who was serving a sentence for a Proposition 47 offense on November 5, 2014, . . . regardless of whether the judgment of conviction was final."

 *Scarbrough* analogized section 1170.18 to section 1170.126, because both statutes "use[d] substantially the same language, structure, and procedure to provide for recall and resentencing of persons currently serving sentences where those persons would be subject to lighter sentences pursuant to the newly enacted voter initiatives."  (*Scarbrough*, *supra*, 240 Cal.App.4th at p. 924.)  *Scarbrough* relied on *People v. Yearwood* (2013) 213 Cal.App.4th 161, which interpreted section 1170.126.  *Yearwood* held that the trial court

4

did not have jurisdiction over a case when an appeal was pending and found that the "'good cause'" exception to the filing period of section 1170.126 allowed a prisoner to seek relief after the appellate proceedings had terminated. (*Scarbrough*, at p. 925.) *Yearwood* also observed that it was "'reasonable for the voters to have designed a statutory process where the trial court considers a petition for a recall of sentence after final resolution of legal issues related to the conviction and original sentence (which may have components that are unaffected by [the Three Strikes Reform Act of 2012]).' [Citation.]" (*Scarbrough*, at p. 925.) *Scarbrough* agreed with the reasoning of *Yearwood* and found that voters were "aware of this interpretation when they approved Proposition 47. [Citation.]" (*Scarbrough*, at p. 925.)

Defendant argues that *Yearwood* is not persuasive. He points out that "[a] typical defendant eligible for resentencing under section 1170.18 is currently serving a prison sentence far shorter than Mr. Yearwood [who was serving 25 years to life plus one year in prison] and would likely complete that sentence or be close to it if he had to wait for the lengthy appellate process to conclude before he could apply for misdemeanor resentencing." However, in the event that a defendant is serving a relatively short prison sentence, he or she can request that the reviewing court expedite the appeal. We also note that, here, defendant is serving a prison sentence of 10 years and eight months as a second-strike offender and the trial court stayed imposition of his three-year sentence for possession of a controlled substance pursuant to section 654. Thus, there will be no prejudice to defendant to renew his petition.[3]

---

[3] The present case is distinguishable from *People v. Awad* (2015) 238 Cal.App.4th 215 (*Awad*). In *Awad*, the defendant was convicted of multiple felony convictions for forgery and theft, sentenced to five years, eight months in prison, and appealed from the judgment. (*Id.* at p. 219.) Approximately three months later, the defendant brought a petition to reduce the felony sentence for one of his forgery counts to a misdemeanor, which the trial court denied on the ground that it lacked jurisdiction while his case was pending on appeal. (*Ibid.*) The defendant sought expedition of the appeal from the

(*Continued*)

Relying on the argument in favor of Proposition 47 Voter Information Guide, defendant also points out that the "voters who passed Proposition 47 wanted an immediate halt to the wasteful use of their taxpayer dollars and to have that money diverted, without unnecessary delay, to education." However, as *Scarbrough* concluded, there was nothing in either section 1170.18 or Proposition 47 indicating an immediate halt to the expenditure of funds. (*Scarbrough*, *supra*, 240 Cal.App.4th at p. 928.) *Scarbrough* explained that if the voters had intended such a result "there would be no cause to create such a lengthy period to seek recall and resentencing relief—three years, or longer on a showing of good cause." (*Ibid.*) *Scarbrough* also noted that "concurrent jurisdiction would not support judicial economy. Our efforts to review the initial judgment may be rendered futile; we may be asked to review conflicting judgments, each with different errors to be corrected; and the trial court may be asked to effectuate a remittitur against a judgment that has since been modified. These scenarios would lead to chaos, confusion, and waste—not judicial economy." (*Ibid.*)

Relying on *In re Carpenter* (1995) 9 Cal.4th 634, defendant also argues that "the trial court should be able to consider the Proposition 47 petition irrespective of the pendency of the appeal because it is a matter extrinsic to the appellate record." *Carpenter* held that the trial court had subject matter jurisdiction over habeas proceedings

---

underlying judgment. (*Ibid.*) As an alternative to an expedited appeal, the Court of Appeal asked the parties to brief whether an appellate court has authority to order a limited remand during the pendency of an appeal to allow the trial court to rule on a Proposition 47 petition. (*Awad*, at p. 220.) After the defendant requested a limited remand, the appellate court consolidated the two appeals, issued a limited remand to the trial court to hear the Proposition 47 petition, issued a stay of the defendant's first appeal, and concluded that the second appeal was moot in light of the remand order. (*Awad*, at pp. 223-225.) If the defendant in *Awad* had waited until after his appeal from the underlying judgment was complete, he would have been unable to gain any benefit from a successful Proposition 47 petition because he would have already served his sentence on the felony conviction. Here, as previously stated, there is no such concern because defendant's sentence for possession of a controlled substance was stayed.

6

when defendant's claim of juror misconduct involved matters outside the appellate record.  (*Carpenter*, at p. 646.)  *Scarbrough* rejected this argument and stated:  "The constitutional grant of original jurisdiction to all courts to hear writs of habeas corpus renders those proceedings sui generis and the judicial interpretations of that jurisdiction inapplicable to statutory proceedings such as this one."  (*Scarbrough*, *supra*, 240 Cal.App.4th at p. 927.)

In sum, we conclude that the trial court properly concluded that it lacked jurisdiction to consider defendant's resentencing petition while his appeal from the underlying judgment was pending before this court.

### III.    Disposition

The order is affirmed.

_____
Mihara, J.

WE CONCUR:


_____
Elia, Acting P. J.




_____
Bamattre-Manoukian, J.




*People v. Ashurst*
H042261

8