Filed 6/7/16  P. v. McCutchan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051920 |
| v. | (Super. Ct. No. 14NF2366) |
| LISA MARIE McCUTCHAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Lisa Marie McCutchan appeals from an order denying her petition for relief under Proposition 47. She contends the trial court erred in finding her convictions for unlawfully acquiring or retaining access card information were outside the scope of the initiative, but we disagree and affirm the order.

PROCEDURAL BACKGROUND

In June 2014, appellant pleaded guilty to 12 criminal charges, including two counts of felony acquisition or retention of access card information under Penal Code section 484e, subdivision (d) (section 484e(d)).[1] Imposition of sentence was suspended, and the court placed appellant on probation for five years.

Following the passage of Proposition 47 in November 2014, appellant petitioned the trial court to have her section 484e(d) convictions reduced to misdemeanors. Although Proposition 47 does not expressly apply to violations of section 484e(d), appellant argued the initiative was applicable to her because she charged less than $950 on her victims' access cards.[2] Appellant also argued she was entitled to Proposition 47 relief as a matter of equal protection. The trial court denied her petition.

DISCUSSION

Appellant renews her claims regarding the scope of Proposition 47 and her entitlement to equal protection under the law. We agree with the trial court; there is no reason to disturb its ruling.

"Proposition 47 reclassifie[d] as misdemeanors certain non-serious, nonviolent crimes that previously were felonies, and authorizes trial courts to consider resentencing anyone who is currently serving a sentence for any of the listed offenses." (*People v. Awad* (2015) 238 Cal.App.4th 215, 218.) The crime of unlawfully acquiring

---

[1] All further statutory references are to the Penal Code.

[2] In her memorandum of points and authorities supporting her petition, appellant stated she charged a total of $230.21 on her first victim's card, and she did not charge anything on her second victim's card.

or retaining access card information under section 484e(d) is a so-called "wobbler" because it is punishable in the trial court's discretion as a felony or a misdemeanor. (§ 484e(d); *People v. Molina* (2004) 120 Cal.App.4th 507, 517.) The crime was not reclassified as a pure misdemeanor by Proposition 47, nor is it listed within the text of that law, which suggests it was not intended to be included within the scope of the initiative. (See generally *People v. Gray* (1979) 91 Cal.App.3d 545, 551 [the inclusion of some offenses in a criminal statute reflects the intent to exclude those offenses which are not specifically enumerated].)

Nevertheless, appellant asserts her section 484e(d) convictions come within the ambit of Proposition 47 because they are encompassed within a new crime the initiative created, section 490.2. That section states, "Notwithstanding [s]ection 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor[.]" (§ 490.2, subd. (a).) Unlike section 484e(d), section 490.2 is expressly listed in Proposition 47 as a criminal statute that has been added by the terms of the initiative. (§ 1170.18, subds. (a), (b).)

Recently, several intermediate appellate courts have addressed the question of whether section 490.2 encompasses violations of section 484e(d). However, the California Supreme Court has granted review of all the published cases. (See *People v. Thompson* (2015) 243 Cal.App.4th 413, rev. granted Mar. 9, 2016, S232212; *People v. King* (2015) 242 Cal.App.4th 1312, rev. granted Feb. 24, 2016, S231888; *People v. Romanowski* (2015) 242 Cal.App.4th 151, rev. granted Jan. 20, 2016, S231405; *People v. Cuen* (2015) 241 Cal.App.4th 1227, rev. granted Jan. 20, 2016, S231107; *People v. Grayson* (2015) 241 Cal.App.4th 454, rev. granted Jan. 20, 2016, S231757.) Because the Supreme Court is going to have the last word on this issue, our analysis will be relatively brief.

Section 484e(d) provides, "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, *is guilty of grand theft.*" (Italics added.) Seizing on the italicized words, appellant contends the statute comes within the terms of section 490.2 because that section's opening clause states it applies notwithstanding any other provision of law defining grand theft. (§ 490.2, subd. (a).) However, theft is not a necessary prerequisite to violating section 484e(d). By its terms, the provision applies whenever a person unlawfully acquires *or* retains access card information with fraudulent intent. And in this case the factual basis for appellant's guilty plea was that she "*possessed* stolen access cards belonging to [the victims] without permission and with fraudulent intent." (Italics added.) Because there is nothing in the record showing appellant obtained the cards by theft her conduct does not fall within the terms of section 490.2.

Appellant's claim also violates the spirit of Proposition 47, which was designed to reduce prison spending by granting leniency to minor offenders while ensuring more serious offenders remain subject to felony punishment. (See Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) Obviously, people who unlawfully acquire or retain access card information are not the most dangerous criminals on the planet. But their conduct often leads to identity theft and financial loss, which can irreparably damage lives. In this era of ever-increasing reliance on digital information, we are not confident the drafters of Proposition 47 or the voters of this state intended violators of section 484e(d) be included within the terms of the initiative.

Appellant's fallback position is that equal protection principles require her section 484e(d) convictions to be treated as misdemeanors under section 490.2. However, as explained above, there is no evidence appellant's convictions involved an actual theft. Therefore, she is not similarly situated with respect to persons who have

4

violated Penal Code section 490.2, which is fatal to her equal protection claim. (*People v. Buffington* (1999) 74 Cal.App.4th 1149, 1155.)

Moreover, the law is clear that "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) In other words, the state has considerable leeway in terms of choosing which punishment is suitable for a particular offender when his or her conduct violates more than one statute. Unless a defendant seeking Proposition 47 relief can show he or she has been singled out for differential treatment based on some invidious criterion, no equal protection violation will be found. (*Id.* at p. 839.) Because appellant has not made such a showing, her equal protection claim fails.

DISPOSITION

The trial court's order is affirmed.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

ARONSON, J.