Filed 7/26/16  P. v. Thornhill CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JEANNE INEZ THORNHILL,<br><br>    Defendant and Appellant. | G051367<br><br>(Super. Ct. No. 13HF2403)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

## INTRODUCTION

Defendant Jeanne Inez Thornhill appeals from the trial court's denial of her petition under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18), to have her felony convictions for unlawful taking of a vehicle and receiving a stolen vehicle redesignated as misdemeanors. She contends that Proposition 47 requires those felonies be redesignated as misdemeanors because the vehicle involved had a value of $950 or less. Alternatively, she argues that denying misdemeanor designation for those offenses violates equal protection. Defendant's challenges fail because she has not established the value of the vehicle involved was $950 or less. Therefore, we affirm the trial court's order.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant was charged in a felony complaint with the unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)), and receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)). Defendant pleaded guilty to both charges, and offered the following as the factual basis for the guilty plea: "In Orange County, California, on 11/15/12 I unlawfully drove & took a vehicle without the consent of the owner, and I withheld property that I knew was obtained by theft." The trial court suspended imposition of defendant's sentence, and placed her on formal probation for three years.

Ten months later, the trial court summarily revoked defendant's probation and issued a warrant for her arrest. Pursuant to Proposition 47, defendant filed a petition to redesignate the convictions as misdemeanors. The trial court denied the petition because the charges against defendant did not fall within Proposition 47. Defendant admitted her probation violations and the trial court sentenced her to 90 days in county jail. Defendant timely appealed from the postjudgment order.

2

Defendant argues that she is entitled to relief under Proposition 47 because violations of Vehicle Code section 10851 and Penal Code section 496d are theft offenses.

"Proposition 47 reclassifies as misdemeanors certain non-serious, nonviolent crimes that previously were felonies, and authorizes trial courts to consider resentencing anyone who is currently serving a sentence for any of the listed offenses." (*People v. Awad* (2015) 238 Cal.App.4th 215, 218.)  As is relevant to this case, Proposition 47 added Penal Code section 490.2, subdivision (a), which provides that all thefts where the value of the property taken is $950 or less are petty thefts, and shall be punished as misdemeanors.  Additionally, Proposition 47 amended Penal Code section 496, subdivision (a), to make the purchase or receipt of stolen property a misdemeanor, where the value of the property stolen does not exceed $950.

Both Vehicle Code section 10851, subdivision (a) and Penal Code section 496d, subdivision (a), to which defendant pleaded guilty, are "wobblers," which may be punished as misdemeanors or felonies.  Neither was amended by Proposition 47, or mentioned in the statutes added by Proposition 47.

However, Proposition 47 addressed the issue of theft-related offenses by adding Penal Code section 490.2, subdivision (a), which provides, in relevant part: "Notwithstanding [Penal Code s]ection 487 [defining grand theft] or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." Therefore, if the offenses to which defendant pleaded guilty are theft offenses within the terms of Penal Code section 490.2, she would be entitled to seek relief under Proposition 47.

3

Defendant bears the burden of proof of her eligibility for resentencing under Proposition 47.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.)  There is nothing in the appellate record that shows the value of the vehicle defendant took was $950 or less.  We affirm the denial of defendant's petition without prejudice to later consideration of a petition supported by evidence.

Defendant also argues that the equal protection clause requires that her convictions for unlawfully taking a vehicle (Veh. Code, § 10851) and receiving a stolen vehicle (Pen. Code, § 496d) be treated the same as would convictions for theft of a vehicle (Pen. Code, § 487) or receipt of stolen property (Pen. Code, § 496).  "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally."  (*People v. Brown* (2012) 54 Cal.4th 314, 328.)  The parties disagree about whether those persons violating Vehicle Code section 10851 are similarly situated with those violating Penal Code section 487, and whether those persons violating Penal Code section 496d are similarly situated with those violating Penal Code section 496.

Even assuming the correctness of defendant's argument, she has failed to prove that she falls within the class of persons who are similarly situated.  The felony complaint, defendant's guilty plea, and the evidence offered in support of the Proposition 47 petition fail to establish that the value of the vehicle at issue was $950 or less.  Because defendant has not shown the value of the vehicle was $950 or less, she has not established she is within the class of persons otherwise entitled to relief under Proposition 47.  Therefore, her equal protection claim fails on that ground alone.

DISPOSITION

The postjudgment order is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.