Filed 9/8/20  P. v. Simmons CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D076685 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD281722) |
| KENNETH DEWAYNE SIMMONS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Sentence vacated and remanded with directions.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Allison V. Acosta, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

## INTRODUCTION

A jury found Kenneth Dewayne Simmons guilty of carrying a concealed dirk or dagger (Pen. Code, § 21310)[1] (count 1), resisting an officer (§ 148, subd. (a)(1)) (count 2), possessing heroin (Health & Saf., § 11350, subd. (a)) (count 3), and possessing methamphetamine (Health & Saf., § 11377, subd. (a)) (count 4). After the jury returned its verdicts, Simmons admitted three prison prior enhancement allegations (§§ 667.5, subd. (b), 668).

The trial court sentenced Simmons pursuant to section 1170, subdivision (h) to a split sentence of six years, including four years in jail and two years of mandatory supervision. The court's sentence consisted of the upper term of three years for carrying a concealed dirk or dagger (§ 21310) (count 1) and three consecutive one-year terms for the three prison prior enhancements (§§ 667.5, subd. (b), 668). The court imposed concurrent terms on the remaining misdemeanor counts (counts 2, 3, and 4). As a condition of mandatory supervision, the trial court imposed an electronics search condition requiring Simmons to submit his "computers[ ] and recordable media to search at any time with or without a warrant, and with or without reasonable cause, when required by [a probation officer] or law enforcement officer."

# II.

## FACTUAL BACKGROUND

One night in May 2019, at around 11:00 p.m., police officers responded to a robbery call in downtown San Diego. One of the officers spoke to the victim, M.S. While speaking to the officer, M.S. pointed to Simmons and

---

[1] Unless otherwise specified, all subsequent statutory references are to the Penal Code.

identified him as the person who had committed the robbery. Simmons was approximately 50 yards away from M.S. and the officer. Simmons fled from the area on a bicycle, but officers detained him after a chase. During a search of Simmons and his possessions, police recovered drugs and concealed knives.

III.

DISCUSSION

A. *Due to a change in the law, we strike the three one-year prison prior enhancements (§ 667.5) and remand for resentencing*

Simmons argues that this court should strike the three one-year prison prior enhancements due to a change in the law and remand the matter for resentencing.

The People concede that Simmons is entitled to have the three one-year prison prior enhancements stricken and the matter remanded to the trial court with directions to resentence Simmons.

1. *Simmons's original sentence*

As noted in part I, *ante*, the trial court sentenced Simmons to a split sentence of six years, including four years in jail and two years of mandatory supervision. Simmons's sentence includes three consecutive one-year terms for three prison prior enhancements (§§ 667.5, subd. (b), 668).

2. *Senate Bill 136*

In *People v. Gastelum* (2020) 45 Cal.App.5th 757 (*Gastelum*), this court discussed Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136), which amended section 667.5, subdivision (b):

> "Prior to this amendment, [section 667.5, subdivision (b)] provided for a one-year enhancement for each prior separate prison term, unless the defendant remained free from both prison custody and the commission of a new felony for a five-year period after discharge. [Citations.]

3

After the amendment, 'a one-year prior prison term enhancement will only apply if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).' [Citations.] The amended statute became effective January 1, 2020." (*Gastelum*, at p. 772.)

### 3. *Application*

The People concede that Senate Bill 136 applies retroactively to Simmons's case and requires that we strike the thee one-year prison prior enhancements (§ 667.5). We agree. (See *Gastelum, supra,* 45 Cal.App.5th at p. 772 [applying Senate Bill 136 retroactively to strike a one-year prison prior enhancement].)

The People request that we strike the three one-year prison prior enhancements and remand the matter to the trial court with directions to resentence Simmons to a sentence no longer than his original three-year sentence. We agree that this is the proper disposition. (See, e.g., *People v. Burns* (1984) 158 Cal.App.3d 1178, 1184 ["On remand, the trial court is entitled to reconsider its entire sentencing scheme. [Citation.] However, in order to 'preclude vindictiveness and more generally to avoid penalizing a defendant for pursuing a successful appeal' [citation], appellant may not be sentenced on remand to a term in excess of his original sentence"].)

Accordingly, we strike the three one-year prison prior enhancements (§ 667.5), vacate the sentence, and remand the matter to the trial court with directions to resentence Simmons to a sentence not to exceed his original sentence.

### B. *The remainder of Simmons's sentencing claims are moot*

Simmons contends that the trial court abused its discretion in imposing an upper term sentence on count 1 by relying on factors that did not make his offenses "distinctly worse than ordinary." (Boldface & capitalization

4

omitted.)  In addition, Simmons contends that his trial counsel provided ineffective assistance in failing to object at sentencing to the electronics search condition of mandatory supervision.  In light of our vacatur of the sentence and remand for resentencing, both claims are moot.  Accordingly, we need not, and do not, address either contention.[2]

---

[2]     Simmons also filed a petition for habeas corpus in which he claimed that trial counsel provided ineffective assistance in failing to object to the trial court's imposition of the electronics search condition as a condition of mandatory supervision.  (*In re Simmons*, D077479.)  In light of our vacatur of the sentence and remand for resentencing, we summarily deny Simmons's petition as moot by way of a separate order filed today.

In addition, while this appeal was pending, Simmons filed a motion for a "limited remand" pursuant to *People v. Awad* (2015) 238 Cal.App.4th 215, 218 [staying pending appeal and granting limited remand to permit the trial court to conduct a postconviction hearing for the purpose of potentially resentencing defendant].)  Unlike the appellant in *Awad*, all of Simmons's claims on appeal pertain to his original sentence.  For the reasons stated in the text, upon our vacatur of the sentence, striking of the prison priors and remanding for resentencing, Simmons's remaining claims as to his original sentence (i.e., that the court erred in imposing an aggravated term and that the court erred in imposing an electronics search condition) are moot.  Thus, while we agree with Simmons that he is entitled to be resentenced expeditiously, our remand for resentencing in this opinion provides him with that relief.  Accordingly, we deny as moot Simmons's motion for a limited remand.

## IV.

## DISPOSITION

The sentence is vacated, the three one-year prison prior enhancements are stricken, and the matter is remanded to the trial court with directions to resentence Simmons to a sentence not to exceed his original sentence.


AARON, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.