Filed 1/25/22  P. v. Martinez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059724 |
| v. | (Super. Ct. No. 15CF1174) |
| EDGAR EDUARDO MARTINEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed as modified.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael P. Pulos and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Edgar Eduardo Martinez was convicted of attempted murder for shooting at a police officer who came to his home in response to a domestic disturbance. He contends reversal is required because the prosecutor distorted both the burden and the standard of proof in his closing argument. Appellant also contends the trial court improperly amended his sentence while this appeal was pending. As respondent concedes, appellant's latter contention has merit. Therefore, we will modify the judgment to reflect the trial court's original sentencing decision. In all other respects, we affirm.

FACTS

In 2015, appellant was living in Orange with his mother, brother, and several other members of his extended family. The household was peaceful for the most part, but early one morning, appellant got into a heated argument with his mother because she refused to drive him to his girlfriend's house. During the row, appellant brandished a gun and threatened to kill his mother, so another family member called 911.

When the police arrived, they evacuated appellant's family through the side windows and took up armed positions around the house. Then appellant came outside and began walking down the driveway, where Police Officer Nicholas Silver was positioned behind a car. When appellant noticed Silver, he exclaimed "oh, shit" and retreated to an alcove by his front door. Silver tried to talk him into surrendering, but appellant stayed by the door and smoked a cigarette.

Then, without warning, appellant pulled his gun and started shooting toward Silver. That drew a barrage of return fire from the officers. Although appellant was shot and fell to the ground, he continued to reach for his gun, so the officers shot him again. All told, appellant sustained three gunshot wounds. Investigators found three spent cartridges in his gun, and they also detected an apparent bullet mark on a car that was parked behind Silver in the driveway.

Appellant was charged with attempting to murder Silver and assaulting him with a firearm, in addition to making a criminal threat against his mother. At trial, the defense presented evidence appellant was depressed, suicidal and under the influence of methamphetamine at the time of the shooting. It theorized appellant never intended to harm anyone and never actually fired his gun during the standoff. Instead, he merely pulled his gun in order to provoke the officers into shooting him, in a failed attempt to commit "suicide by cop."

The jury disagreed and convicted appellant as charged. It also found true allegations appellant intentionally discharged a firearm in attempting to murder Silver and he personally used a firearm during his other two offenses. The trial court sentenced him to 27 years to life in prison for his crimes.

DISCUSSION

*Prosecutorial Misconduct*

Appellant contends that in discussing the law respecting circumstantial evidence, and in other parts of his closing argument, the prosecutor prejudicially distorted the burden and standard of proof. We cannot agree.[1]

Prosecutors have broad leeway in closing argument to discuss the legal and factual merits of the case. (*People v. Bell* (1989) 49 Cal.3d 502, 538.) However, "it is improper for the prosecutor to misstate the law generally [citation], and particularly to attempt to absolve the prosecution from its prima facie obligation to overcome reasonable doubt on all elements" of the charged offenses. (*People v. Marshall* (1996) 13 Cal.4th 799, 831.) Therefore, courts will not countenance a prosecutor's attempt to shift the burden of proof to the defense or dilute the beyond-a-reasonable-doubt standard of proof. (*People v. Centeno* (2014) 60 Cal.4th 659, 667-674 (*Centeno*).)

---

[1] Although defense counsel did not object every time the prosecutor allegedly misspoke, thus raising the specter of forfeiture, we will consider appellant's claim because he contends his attorney was ineffective for failing to raise any necessary objections.

However, "[w]hen attacking the prosecutor's remarks to the jury, the defendant must show that, '[i]n the context of the whole argument and the instructions' [citation], there was 'a reasonable likelihood the jury understood or applied the complained-of comments in an improper or erroneous manner. [Citations.] In conducting this inquiry, we "do not lightly infer" that the jury drew the most damaging rather than the least damaging meaning from the prosecutor's statements. [Citation.]' [Citation.]" (*Centeno, supra*, 60 Cal.4th at p. 667.)

Just before closing arguments in this case, the trial court instructed the jury, "A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove the defendant guilty beyond a reasonable doubt." "Unless the evidence proves the defendant guilty beyond a reasonable doubt, he's entitled to an acquittal, and you must find him not guilty."

The trial court also instructed on the permissible use of circumstantial evidence. Per CALCRIM No. 225, the court told the jurors, "Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt. [¶] Also, before you may rely on circumstantial evidence to conclude that the defendant had the required intent or mental state, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant had the required intent or mental state. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions supports a finding that the defendant did have the required intent or mental state, and another reasonable conclusion supports a finding that the defendant did not, you must conclude that the required intent or mental state was not proved by the circumstantial evidence. [¶] However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable."

4

Appellant's misconduct claim is primarily based on how the prosecutor explained this instruction to the jury. Before addressing the instruction, the prosecutor went over the parties' respective theories of the case. He said the state was contending appellant attempted to murder Officer Silver by intentionally firing his gun at him, and the defense was contending that although appellant pulled his gun, he did not actually fire it because he was merely attempting to provoke the officers into shooting him.

Then, alluding to CALRCIM No. 225, the prosecutor stated, "[W]hen you have two reasonable interpretations of the evidence, one pointing to guilty, one pointing to not guilty, you must choose not guilty. [¶] If you are a baseball fan, it's the theory of a tie goes to the runner. *So if the prosecution presents a theory of guilty and you say, 'that's reasonable,' and the [d]efense presents something that says -- that's reasonable, it goes to the [d]efense, not guilty. [¶] But what [CALCRIM No. 225] says specifically is you have to look at the evidence on both sides and determine that it's reasonable.* That's the key. So that instruction is there in the back for you to read." (Italics added.)

Appellant claims that by alluding to the defense "present[ing] something" and telling the jury it had to consider the reasonableness of the evidence presented by "both sides," the prosecutor effectively placed the onus on him to present reasonable circumstantial evidence of his innocence in order to obtain an acquittal. In support of this claim, appellant relies on *People v. Woods* (2006) 146 Cal.App.4th 106 (*Woods*), *People v. Johnsen* (2021) 10 Cal.5th 1116 (*Johnsen*) and *People v. Hill* (1998) 17 Cal.4th 800 (*Hill*). However, those decisions are inapt.

*Woods* is readily distinguishable because the prosecutor there argued the defense was "obligated" to put on evidence, which "expressly and erroneously advised the jury [the defendant] bore some burden of proof or persuasion." (*Woods, supra*, 146 Cal.App.4th at p. 113.) The prosecutor's comments in the present case are in no way comparable to such an obviously improper attempt to undermine the burden of proof.

*Johnsen* and *Hill* did not involve such blatant misconduct. But in those two cases, the prosecutor's arguments were found to be improper because in discussing the standard of proof, they said reasonable doubt had to be based on some evidence, which erroneously implied the defendants had the burden to prove their innocence. (*Johnsen, supra,* 10 Cal.5th at p. 1166; *Hill, supra,* 17 Cal.4th at pp. 831-832.) These cases illustrate the peril of attempting to explain the concept of reasonable doubt beyond the definition provided in the standard jury instruction. (See generally *Centeno, supra*, 60 Cal.4th at p. 667 ["case law is replete with innovative but ill-fated attempts to explain the reasonable doubt standard."].)

In our case, however, the prosecutor was not trying to explain the concept of reasonable doubt, or the burden of proof, when he made his challenged remarks. Instead, he was discussing the use of circumstantial evidence to ascertain the defendant's intent. He was merely trying to make the point that the rule requiring the jury to find lack of criminal intent applies only when the circumstantial evidence is reasonably susceptible of such a finding. This was not improper. (See CALCRIM No. 225 [when considering circumstantial evidence, the jury "must accept only reasonable conclusions and reject any that are unreasonable."].)

Nor was there anything wrong with the prosecutor encouraging the jury to consider the circumstantial evidence on "both sides" in deciding the reasonableness issue, since the defense did in fact present circumstantial evidence of appellant's mental state at the time of the alleged offenses. This comment was consistent with the jury's obligation to "impartially compare and consider *all the evidence* that was received throughout the entire trial." (CALCRIM No. 220, italics added.)

Moreover, the trial court repeatedly instructed the jury the prosecution had the burden of proving appellant's guilt beyond a reasonable doubt. Considering everything the jurors were told, it is simply not reasonably likely they construed the prosecutor's remarks as turning that burden on its head. (See generally *People v. Cortez*

6

(2016) 63 Cal.4th 101, 131-132 [emphasizing the trial court's instructions on the law generally take precedence over the prosecutor's description of the law in closing argument].)

Appellant also contends the prosecutor distorted the standard of proof by conflating the beyond-a-reasonable-doubt standard with mere reasonableness. This contention is based in part on the quoted statements set forth above in which the prosecutor told the jury "when you have two *reasonable* interpretations of the evidence, one pointing to guilty, one pointing to not guilty, you must choose not guilty." (Italics added.) And, "[I]f the prosecution presents a theory of guilty and you say, '*that's reasonable,*' and the [d]efense presents something . . . *that's reasonable*, it goes to the [d]efense, not guilty." (Italics added.)

Appellant also relies on what the prosecutor said on the heels of these remarks. After discussing the evidence on the attempted murder count, the prosecutor told the jurors "if you conclude that the *reasonable evidence* . . . shows [appellant] did fire that weapon, then you arrive at a guilty verdict." (Italics added.) Then, after discussing the evidence regarding appellant's threatening behavior toward his mother, the prosecutor told the jury, "I think it's *reasonable* to say that [what appellant did] is a criminal threat." (Italics added.)

The prosecutor's repeated use of the word "reasonable" would be problematic if he had used it to explain the standard of proof applicable in deciding the truth of the charges. But that is not what he did. In making the challenged remarks, the prosecutor was discussing the special rules respecting the permissible use of circumstantial evidence. Therefore, it is unlikely the remarks tainted the jury's understanding of the applicable standard of proof. (*People v. Meneses* (2019) 41 Cal.App.5th 63, 69-76 [prosecutor's repeated references to reasonableness in closing argument properly related to how the jurors should evaluate the circumstantial evidence as opposed to how they should ultimately decide the truth of the charged offenses].)

7

Appellant's prosecutorial misconduct argument has one more component. He contends the prosecutor erred by telling the jurors that trials are a "search for the truth" and imploring them to find out "the truth of what happened" during the encounter between appellant and the police. Appellant fears these comments steered the jury away from the proper standard of proof, but trials are often described as a search for the truth, and the rules of evidence are designed to aid the jury in that quest. (See *California v. Green* (1970) 399 U.S. 149, 158 [quoting Professor Wigmore's famous line that "cross-examination is the 'greatest legal engine ever invented for the discovery of the truth.'"].)

Of course, it would be overly simplistic to say the jury's *only* duty is to find out the truth of what happened, when its ultimate responsibility is to ascertain whether the prosecution's evidence rises to the level of proof beyond a reasonable doubt. We are wary of attempts to divorce one concept from the other and imply the jury's only job is to seek the truth. But in this case, the prosecutor made no attempt to do that, and the trial court repeatedly instructed the jurors that in order to convict appellant, they had to be convinced *beyond a reasonable doubt* that he was guilty of the charged offenses.

Under these circumstances, the jurors would have known evidence interpretation was only one part of their assignment and that even after filtering through all of the facts and ascertaining the "truth" of what happened in appellant's driveway, they still had to assess whether the evidence constituted proof beyond a reasonable doubt of appellant's guilt. Therefore, the challenged remarks were not improper.

*Sentencing Issue*

That brings us to appellant's sentencing claim, which is undisputed. The parties agree that while this appeal was pending, the trial court amended the abstract of judgment to stay sentence on the firearm enhancements attendant to counts 2 and 3. They also agree the trial court lacked the authority to do so because "once a notice of appeal is filed, jurisdiction is vested in the appellate court until the appeal is decided on the merits

8

and a remittitur is issued to the trial court." (*People v. Awad* (2015) 238 Cal.App.4th 215, 220.) Accordingly, we will modify the judgment to restore the trial court's original sentencing decision, which was to strike, not stay, the subject enhancements.

DISPOSITION

The judgment is modified to strike the firearm enhancements attendant to counts 2 and 3. In addition, the clerk of the trial court is ordered to prepare an amended abstract of judgment reflecting that modification and to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.