Filed 7/22/16  P. v. Weddell CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>     v.<br><br>CHRISTOPHER WILLIAM WEDDELL,<br><br>   Defendant and Appellant. | G051592<br><br>(Super. Ct. No. 13HF2450)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Andrew Mestman and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Christopher William Weddell appeals from the trial court's denial of his petition under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18), to have his felony conviction for unlawful taking of a vehicle redesignated as a misdemeanor. He contends that Proposition 47 requires that felony be redesignated as a misdemeanor because the vehicle involved had a value of $950 or less. Alternatively, he argues that denying misdemeanor designation for that offense violates equal protection. Defendant's challenges fail because he has not established the value of the vehicle involved was $950 or less. Therefore, we affirm the trial court's order.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 5, 2013, an Irvine police officer observed defendant riding a motorcycle at "a high rate of speed." Following a pursuit, the officer found the motorcycle lying on the ground of a shopping center parking lot; defendant was about 20 feet away, inside an enclosed dumpster area, and the helmet and jacket he had been wearing were another 15 to 20 feet from defendant. Various drugs were found inside the jacket pocket.

Defendant told the police officer that he had walked to that location from a friend's house a mile and a half away, and was going to walk home. The police officer identified the owner of the motorcycle from its engine number. The owner confirmed that his motorcycle had been stolen, he had not given anyone permission to take his motorcycle, and he did not know defendant.

Defendant was charged in an information with felony taking of a vehicle with a prior conviction for the same offense (Pen. Code, § 666.5, subd. (a); Veh. Code, § 10851, subd. (a)), felony possession of heroin (Health & Saf. Code, § 11350, subd. (a)), felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), misdemeanor possession of a designated substance (Health & Saf. Code, § 11375,

subd. (b)(2)), and misdemeanor possession of a controlled substance without a prescription (Bus. & Prof. Code, § 4060).The information alleged that defendant had served six prior prison terms, pursuant to Penal Code section 667.5, subdivision (b).

Defendant pleaded guilty to all counts and admitted the prior prison term allegations. The factual basis for defendant's guilty plea reads: "In Orange County, California, on 8/5/13 I knowingly & unlawfully took & drove a motorcycle not my own, without consent of the owner, and with the intent to temporarily deprive him of ownership thereof, having previously been convicted of VC 10851(a) in case 05WF0750. I also knowingly & unlawfully possessed useable quantities of heroin, and methamphetamine, and alprazolam, without a prescription."

Defendant filed a petition to have his three felony convictions redesignated as misdemeanors, pursuant to Proposition 47. The district attorney objected with respect to defendant's conviction for violating Vehicle Code section 10851, subdivision (a). The trial court granted the petition as to the felony convictions for possession of controlled substances, but denied the petition as to the Vehicle Code section 10851, subdivision (a), conviction. Defendant filed a timely notice of appeal.

DISCUSSION

Defendant argues that he is entitled to relief under Proposition 47 because violations of Vehicle Code section 10851 are theft offenses.

"Proposition 47 reclassifies as misdemeanors certain non-serious, nonviolent crimes that previously were felonies, and authorizes trial courts to consider resentencing anyone who is currently serving a sentence for any of the listed offenses." (*People v. Awad* (2015) 238 Cal.App.4th 215, 218.) As is relevant to this case, Proposition 47 added Penal Code section 490.2, subdivision (a), which provides that all thefts where the value of the property taken is $950 or less are petty thefts, and shall be punished as misdemeanors.

3

A violation of Vehicle Code section 10851, subdivision (a) is a "wobbler," which may be punished as a misdemeanor or as a felony. That statute was not amended by Proposition 47, or mentioned in the statutes added by Proposition 47.

However, Proposition 47 addressed the issue of theft-related offenses by adding Penal Code section 490.2, subdivision (a), which provides, in relevant part: "Notwithstanding [Penal Code s]ection 487 [defining grand theft] or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." Therefore, if the offense to which defendant pleaded guilty is a theft offense within the terms of Penal Code section 490.2, he would be entitled to seek relief under Proposition 47.

Defendant bears the burden of proof of his eligibility for resentencing under Proposition 47. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) There is nothing in the appellate record that shows the value of the motorcycle defendant took was $950 or less. We affirm the denial of defendant's petition without prejudice to later consideration of a petition supported by evidence.

Defendant also argues that the equal protection clause requires that his conviction for unlawfully taking a vehicle (Veh. Code, § 10851) be treated the same as would a conviction for theft of a vehicle (Pen. Code, § 487). "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally." (*People v. Brown* (2012) 54 Cal.4th 314, 328.) The parties disagree about whether those persons violating Vehicle Code section 10851 are similarly situated with those violating Penal Code section 487.

Even assuming the correctness of defendant's argument, he has failed to prove that he falls within the class of persons who are similarly situated. The felony complaint, defendant's guilty plea, and the evidence offered in support of the

4

Proposition 47 petition fail to establish that the value of the motorcycle was $950 or less. Because defendant has not shown the value of the motorcycle was $950 or less, he has not established he is within the class of persons otherwise entitled to relief under Proposition 47. Therefore, his equal protection claim fails on that ground alone.

DISPOSITION

The postjudgment order is affirmed.

FYBEL, J.

WE CONCUR:

ARONSON, ACTING P. J.

IKOLA, J.

5