Filed 4/7/21  P. v. Reid CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARC LYNDS REID II,<br><br>    Defendant and Appellant. | F077351/F079649<br><br>(Super. Ct. No. CRM028533B)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Theresa Hsu Schriever, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Eric Christoffersen, Louis M. Vasquez, Amanda D. Cary and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Franson, J. and Meehan, J.

# PROCEDURAL HISTORY

As summarized in our partially published opinion issued on April 20, 2016, defendant Marc Lynds Reid II was arrested and charged with multiple felonies related to a mausoleum theft of nine metal urns containing the cremated remains of 11 people. (*People v. Reid* (2016) 246 Cal.App.4th 822, 825–826 (*Reid I*).)[1]  Defendant was convicted by jury of all 23 charged counts:  11 counts of removal of human remains from the place of interment (Health & Saf. Code, § 7052, subd. (a); counts 1–11); 11 counts of grand theft (Pen. Code, § 487, subd. (a); counts 12–22);[2] and one count of vandalism (§ 594, subd. (b)(1); count 23).  (*Reid I*, *supra*, at p. 825.)  He was sentenced to an aggregate term of 24 years 8 months.  (*Ibid.*)[3]  On review, we reversed two grand theft counts and stayed the vandalism sentence under section 654, which reduced defendant's aggregate sentence to 23 years 4 months.  (*Id.* at pp. 826, 835.)  We also found the trial court erred in denying defendant's *Pitchess*[4] motion and we conditionally reversed with instructions to the trial court to conduct an in camera review pursuant to the procedure set forth in *People v. Gaines* (2009) 46 Cal.4th 172.  (*Reid I*, *supra*, at p. 835.)

On remand following the decision in *Reid I*, the trial court conducted an in camera review of Detective Johnson's personnel file on May 16, 2016, and found no discoverable information.  (*Reid II*, *supra*, F074138.)  The trial court reinstated the judgment, resentenced defendant on June 21, 2016, and then resentenced him again on

---

[1]    We take judicial notice of our prior opinions in *Reid I* and *People v. Reid* (Dec. 4, 2017, F074138) [nonpub. opn.] (*Reid II*), and the records from those appeals.  (Evid. Code, §§ 452, subd. (d), 459.)

[2]    All further statutory references are to the Penal Code unless otherwise indicated.

[3]    The trial court imposed the upper term of three years on count 1, doubled to six years for defendant's prior conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)); ten 16-month terms on counts 2 through 11 (one-third of middle term, doubled); a 16-month term on count 23; and one-year terms for each of the four prison priors.  The sentences on counts 12 through 22 were stayed under section 654.

[4]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

July 11, 2016.  (*Reid II*, *supra*, F074138.)  Defendant filed a notice of appeal in *Reid II* challenging the trial court's ruling following the in camera review on the ground that the court lacked jurisdiction because it acted prior to the issuance of remittitur in *Reid I*. (*Reid II*, *supra*, F074138.)  The People conceded the issue, we agreed the court acted in the absence of jurisdiction, and we reversed the judgment and remanded the matter for further proceedings in accordance with *Reid I*, *supra*, 246 Cal.App.4th at page 835.  (*Reid II*, *supra*, F074138.)

Defendant's third appeal is now before us.[5]  Defendant requests that we conduct an independent review of the proceedings related to his *Pitchess* motion and the trial court's determination that there is no information subject to disclosure.  (Evid. Code, § 1043; *Pitchess*, *supra*, 11 Cal.3d 531; *People v. Townsel* (2016) 63 Cal.4th 25, 67–68.)  Defendant also claims, in accordance with the decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), that he is entitled to relief from the restitution fine and court assessments that were imposed until and unless the People demonstrate he has the ability to pay; and in supplemental briefing, defendant requests that we strike the four 1-year prior prison term enhancements imposed pursuant to Senate Bill No. 136, which amended section 667.5, subdivision (b), effective January 1, 2020.  (Stats. 2019, ch. 590, § 1, pp. 1–4 (Senate Bill No. 136).)  Finally, by separate appeal now consolidated with the present matter, defendant claims the trial court erred when it denied his petition for recall of sentence pursuant to section 1170.91.

The People do not object to our independent review of the *Pitchess* proceedings, and they concede that the prior prison term enhancements must be stricken under Senate Bill No. 136, but they dispute defendant's entitlement to relief on his *Dueñas* claim.

---

[5]     Defendant's fourth appeal, case No. F079649, addressed in part III. B. of the Discussion, has been consolidated with the present matter.

They also dispute his claim that the trial court erred in denying his section 1170.91 petition.

After briefing was complete in this matter, we raised the issue of jurisdiction given that the fees and assessments subject to defendant's *Dueñas* challenge were imposed in 2016 prior to the issuance of remittitur in *Reid I*. (Gov. Code, § 68081.) We subsequently consolidated defendant's third and fourth appeals, and also permitted the parties to brief the issue of jurisdiction with respect to defendant's section 1170.91 petition. (Gov. Code, § 68081.)

Briefing is now complete in this matter. We find no error with respect to either the *Pitchess* proceedings or the trial court's determination that there is no discoverable information in Deputy Johnson's personnel file, and we agree with the parties that in light of the amendment to section 667.5, subdivision (b), the four 1-year prior prison term enhancements must be stricken. However, as addressed in *Reid II*, the trial court lacked jurisdiction over defendant's criminal case when it resentenced him on July 11, 2016, prior to the issuance of remittitur in *Reid I*. Due to the pendency of this appeal, the trial court also lacked jurisdiction when it ruled on defendant's petition under section 1170.91, and, therefore, its order is void and defendant's appeal is dismissed with respect to that issue.

As explained in part III.A. of the Discussion, because the trial court exercised its discretion to modify the restitution fine during the resentencing hearing held on July 11, 2016, it is appropriate to remand this matter to allow the trial court to resentence defendant once remittitur issues in this case. This renders defendant's *Dueñas* claim moot and we do not reach the merits.

4.

**DISCUSSION**

**I.      Independent Review of *Pitchess* Proceedings**

**A.      Background**

Defendant filed a pretrial motion seeking discovery from the personnel file of Deputy Johnson, who was involved in the underlying criminal investigation in this case. The prosecutor opposed the motion, and the trial court found no good cause to conduct an in camera review of the deputy's personnel file. (Evid. Code, § 1043.) We determined this was error in *Reid I* and on remand following resolution of the jurisdictional issue in *Reid II*, the trial court reviewed Deputy Johnson's personnel file in camera and concluded that there was no discoverable information.

Defendant now requests that we conduct an independent review of the *Pitchess* proceedings to ensure that the trial court complied with the procedural requirements set forth in *People v. Mooc* (2001) 26 Cal.4th 1216, 1228–1229, and did not abuse its discretion in denying discovery. The People do not oppose the request.

**B.      Legal Standard**

The procedure for obtaining discoverable information from law enforcement personnel files is well established. Pursuant to Evidence Code section 1043, subdivision (b), "on a showing of good cause, a criminal defendant is entitled to discovery of relevant documents or information in the confidential personnel records of a peace officer accused of misconduct against the defendant. [Citation.] Good cause for discovery exists when the defendant shows both '"materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.' [Citation.] A showing of good cause is measured by 'relatively relaxed standards' that serve to 'insure the production' for trial court review of 'all potentially relevant documents.' [Citation.] If the defendant establishes good cause, the court must review the requested records in camera to determine what information, if any, should be disclosed. [Citation.] Subject to certain statutory exceptions and limitations

5.

[citation], 'the trial court should then disclose to the defendant "such information [that] is relevant to the subject matter involved in the pending litigation."'" (*People v. Gaines*, *supra*, 46 Cal.4th at p. 179.)

On appeal, a defendant may request an independent review of the proceedings and the trial court's determination regarding the presence or absence of discoverable information. (*People v. Townsel*, *supra*, 63 Cal.4th at pp. 67–68; *People v. Yearwood* (2013) 213 Cal.App.4th 161, 179–180.) "A trial court is afforded wide discretion in ruling on a motion for access to law enforcement personnel records. The decision will be reversed only on a showing of abuse of discretion." (*People v. Yearwood*, *supra*, at p. 180, citing *People v. Hughes* (2002) 27 Cal.4th 287, 330.)

### C.  No Abuse of Discretion

We have independently reviewed the record and examined Deputy Johnson's personnel file. We find the trial court followed the proper procedure and created an adequate record of the in camera hearing (*People v. Mooc*, *supra*, 26 Cal.4th at pp. 1228–1229; *People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 180), and the trial court did not abuse its discretion in determining there is no information subject to disclosure (*People v. Samayoa* (1997) 15 Cal.4th 795, 827).

### II.  Senate Bill No. 136

Next, defendant seeks relief from the prior prison term enhancements pursuant to Senate Bill No. 136. Pursuant to section 667.5, subdivision (a), and subject to an exception not relevant here, trial courts are required to impose a three-year sentence for each prior, separate prison term served by the defendant for a violent felony where the current offense is also a violent felony, as defined in subdivision (c) of the statute. For other felonies, pursuant to former subdivision (b) of section 667.5, and subject to exceptions not relevant here, trial courts are required to impose an additional one-year term for each prior, separate prison term or county jail felony term. As amended by Senate Bill No. 136, subdivision (b) of section 667.5 limits imposition of the additional

one-year term to each prior, separate prison term served for a conviction of a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).

In accordance with the California Supreme Court's decision in *In re Estrada* (1965) 63 Cal.2d 740, 744 (*Estrada*), "'"[a]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date" [citation], unless the enacting body "clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent" [citations].'" (*People v. Lara* (2019) 6 Cal.5th 1128, 1134, quoting *People v. DeHoyos* (2018) 4 Cal.5th 594, 600; accord, *People v. Frahs* (2020) 9 Cal.5th 618, 624.)

We agree with the parties that Senate Bill No. 136 is retroactive under the *Estrada* rule and, therefore, the amendment to section 667.5, subdivision (b), applies here. The trial court found the four prior prison term enhancement allegations true and imposed four one-year terms based on the enhancements. (§ 667.5, former subd. (b).) Defendant's prior convictions for possession of a controlled substance, reckless evasion of a peace officer, petty theft with a prior conviction, and robbery are not qualifying offenses under section 667.5, subdivision (b), as amended. Therefore, we order the four 1-year prior prison term sentence enhancements imposed by the trial court stricken.[6]

---

**6** Striking the prior prison term enhancements does not require remand for resentencing under the full resentencing rule where, as here, the trial court imposed the maximum sentence. (*People v. Buycks* (2018) 5 Cal.5th 857, 896, fn. 15.) However, as discussed next, we remand the matter for resentencing because the trial court modified the restitution fine in the absence of jurisdiction.

## III. Jurisdictional Issues

### A. *Dueñas* Challenge to Fine and Assessments Imposed on July 11, 2016

#### 1. Procedural Background

Defendant challenges the imposition of fines and court assessments without a determination on his ability to pay, in accordance with the decision in *Dueñas*. (Pen. Code, §§ 1202.4, subd. (b)(1), 1465.8; Gov. Code, § 70373.) The People dispute defendant's entitlement to remand for an ability-to-pay hearing, and the parties disagree over whether defendant forfeited his claim by failing to object. However, the restitution fine and court assessments defendant challenges in this appeal were imposed prior to the issuance of remittitur in *Reid I*, and, therefore, the trial court lacked jurisdiction at the time of the resentencing hearing. As discussed next, we conclude it is appropriate to remand the matter to allow the court to resentence defendant once remittitur issues in this case, which renders defendant's *Dueñas* claim moot.

Defendant was convicted on May 2, 2014, and sentenced on June 2, 2014. At the original sentencing hearing, the trial court imposed a restitution fine of $7,500 under Penal Code section 1202.4, subdivision (b)(1); a total court operations assessment of $920 under Penal Code section 1465.8; and a total court facilities assessment of $690 under Government Code section 70373. As discussed in *Reid I*, this court vacated two grand theft convictions because defendant stole nine rather than 11 metal urns. In addition, this court stayed the sentence on count 23 for vandalism under section 654, and conditionally reversed the judgment and remanded the matter for the trial court to conduct an in camera review of Detective Johnson's personnel file.

On remand, the trial court reviewed the personnel file in camera on May 17, 2016, and determined it contained no discoverable information. On June 21, 2016, the trial court held a sentencing hearing during which it ordered counts 19 and 22 for grand theft vacated, and it stayed count 24 for vandalism. It also imposed a modified restitution fine of $6,300 under Penal Code section 1202.4, subdivision (b)(1), a total court operations

8.

assessment of $800 under Penal Code section 1465.8; and a total court facilities assessment of $600 under Government Code section 70373. On July 11, 2016, the court vacated its prior ruling as to count 24, which had been dismissed prior to trial, and stayed count 23 under section 654. It also increased the restitution fine to $7,200 under Penal Code section 1202.4, subdivision (b)(1), and again imposed a total court operations assessment of $800 under Penal Code section 1465.8 and a total court facilities assessment of $600 under Government Code section 70373.

As discussed in *Reid II*, remittitur did not issue in *Reid I* until July 21, 2016, and, therefore, the trial court lacked jurisdiction at the time of the resentencing hearings held on June 21, 2016, and on July 11, 2016. On remand in *Reid II*, and after remittitur issued, the trial court reviewed Detective Johnson's personnel file in camera on March 8, 2018. During that hearing, the trial court noted its intention to resentence defendant on March 23, 2018.

On March 23, 2018, the trial court addressed two issues relating to sentencing. The first amended abstract of judgment, filed July 11, 2016, still reflected counts 19 and 22 for grand theft, and the court ordered the issuance of a second amended abstract of judgment omitting reference to these counts, which were vacated in accordance with *Reid I*. The trial court also noted that it previously mispronounced defendant's aggregate sentence as 20 years 8 months rather than 23 years 4 months, and although the abstract of judgment did not reflect that error, the court corrected its prior misstatement for the record. The court did not speak to fines and court assessments. Following the hearing, a second amended abstract of judgment was filed on April 3, 2018, and, because the corrected abstract still reflected count 22 in error, a third amended abstract of judgment was filed on April 9, 2018.

## 2. Restitution Fine Modified in Absence of Jurisdiction to Act

As explained in *Reid II*, subject to certain exceptions not relevant here (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923–924), "[t]he filing of a valid notice of

appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur" (*People v. Perez* (1979) 23 Cal.3d 545, 554; accord, *People v. Awad* (2015) 238 Cal.App.4th 215, 223; *People v. Saunoa* (2006) 139 Cal.App.4th 870, 872; see § 1265, subd. (a); Cal. Rules of Court, rule 8.272). "'Remittitur transfers jurisdiction back to the inferior court so that it may act upon the case again, consistent with the judgment of the reviewing court.'" (*People v. Awad*, *supra*, at p. 223, quoting *Gallenkamp v. Superior Court* (1990) 221 Cal.App.3d 1, 10; accord, *People v. Saunoa*, *supra*, at p. 872.)

Here, the trial court modified the judgment with respect to the restitution fine and court assessments on July 11, 2016, prior to the issuance of remittitur in *Reid I*. The record reflects that following remand in *Reid II*, the trial court intended to resentence defendant, in addition to reviewing Detective Johnson's personnel file in camera, but it did not do so.

As the People point out, the court assessments imposed under Penal Code section 1465.8 and Government Code section 70373 are mandatory and, if erroneous, may be corrected on review. (*People v. Robinson* (2012) 209 Cal.App.4th 401, 405.) However, "[w]ithin the range authorized by statute, the court has wide discretion in determining the amount [of the restitution fine]" (*People v. Urbano* (2005) 128 Cal.App.4th 396, 406), and in this case, the trial court exercised its discretion and reduced the restitution fine from $7,500 to $7,200, after initially reducing it to $6,300. Because the court modified the judgment in the absence of jurisdiction to do so (*People v. Scarbrough*, *supra*, 240 Cal.App.4th at p. 923), it is appropriate to remand this matter to allow the trial court to exercise its discretion in imposing the restitution fine under section 1202.4, subdivision (b), once remittitur issues. This renders defendant's present challenge advanced under *Dueñas* moot and we do not reach it.

We reject the People's contention that because the trial court issued amended abstracts of judgment in 2018 following remand in *Reid II*, we may overlook the

10.

jurisdictional error that occurred when defendant was resentenced in 2016. The trial court's oral pronouncement is the judgment of conviction (*People v. Jones* (2012) 54 Cal.4th 1, 89), and a restitution fine must be imposed at the sentencing hearing rather than merely added to an abstract of judgment (*People v. Frederickson* (2020) 8 Cal.5th 963, 1027). The 2018 amendments to the abstract of judgment, which served to correct clerical errors, cannot cure the jurisdictional error that resulted from resentencing defendant prior to the issuance of remittitur. Therefore, this matter shall be remanded to allow the trial court to resentence defendant following the issuance of remittitur.

## B.    Denial of Section 1170.91 Petition

Finally, section 1170.91, subdivision (b)(1) provides:

> "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in his or her case, to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions:

> "(A)   The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.

> "(B)   The person was sentenced prior to January 1, 2015. This subdivision shall apply retroactively, whether or not the case was final as of January 1, 2015."

On May 16, 2019, while the appeal in the present matter was pending, defendant, proceeding in pro. per., filed his second petition seeking recall of his sentence under section 1170.91, subdivision (b)(1).[7] The trial court denied the petition on May 30, 2019,

---

**7**    Defendant's first petition is not part of the record, but a copy of the order denying that petition, filed March 20, 2019, is included. The trial court noted defendant failed to sign the

as successive and defendant filed a notice of appeal in case No. F079649, which we consolidated with the appeal in case No. F077351.

The parties disagree whether the trial court erred when it denied defendant's second petition. Further, in supplemental briefing, defendant argues, in relevant part, that the trial court had jurisdiction to consider his petition under section 1170, subdivision (d).[8]

"[S]ection 1170, subdivision (d) allows a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.) 'Cases under … section 1170[, subdivision ](d) … have held that the court loses "own-motion" jurisdiction if it fails to recall a sentence within 120 days of the original commitment. [Citations.]' (*Id.* at p. 464, italics omitted.)" (*People v. Chamizo* (2019) 32 Cal.App.5th 696, 700.)

Defendant was originally sentenced in 2014 and resentenced in 2016, and he filed a notice of appeal in the matter now before us in April 2018. Both his petition for relief under section 1170.91 and the trial court's ruling on it occurred in May 2019. "A sentencing court does not have open-ended jurisdiction to modify a sentence; the court's jurisdiction expires after 120 days." (*People v. Willie* (2005) 133 Cal.App.4th 43, 49; accord, *People v. Loper* (2015) 60 Cal.4th 1155, 1165.) Here, the trial court had long since lost jurisdiction to recall defendant's sentence under section 1170, subdivision (d), and we reject defendant's contrary argument.[9] Due to the pendency of this appeal, the

---

petition, failed to include the attachments referenced and did not qualify because he was sentenced after January 1, 2015.

[8]     The People did not elect to file a supplemental brief on the jurisdictional issue.

[9]     Under certain circumstances, a defendant with a pending appeal may request a limited remand to seek relief in the trial court. (§ 1260; *People v. Gentile* (2020) 10 Cal.5th 830, 858–859 [limited remand to seek relief under Sen. Bill No. 1437 relief]; *People v. Awad*, *supra*, 238

12.

trial court was without jurisdiction over this matter and its ruling on defendant's section 1170.91 petition is void. (*People v. Chamizo*, *supra*, 32 Cal.App.5th at pp. 699–700; *People v. Scarbrough*, *supra*, 240 Cal.App.4th at p. 923; *People v. Awad*, *supra*, 238 Cal.App.4th at pp. 221–222.) Accordingly, as to this issue, defendant's appeal is dismissed.[10]

## DISPOSITION

Pursuant to Senate Bill No. 136, the four 1-year prior prison term enhancements imposed under section 667.5, former subdivision (b), are stricken, and, as provided in part III.A. of the Discussion, this matter is remanded for resentencing. Following resentencing, the court shall forward an amended abstract of judgment reflecting omission of the four prior prison term enhancements and the modified fines and fees to the appropriate authorities. The judgment is otherwise affirmed.

---

Cal.App.4th at pp. 221–222 [limited remand to seek Prop. 47 relief].) Defendant did not do so here, and we express no further view on the matter.

[10] We express no view on the underlying merits of defendant's petition. He may seek relief as he or his trial counsel deems appropriate after remittitur issues in this case.